IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS PENSION FUND OF ILLINOIS, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL E. MARTINAK, <br><br> Defendant. | No. 17 C 08611 <br><br> Hon. Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carpenters Pension Fund of Illinois ("the Fund") sued Defendant Daniel E. Martinak in his individual capacity seeking a declaration that Martinak is the alter ego of the Martinak Trust No. 1 ("Trust") and of Daniel Martinak as trustee ("Trustee") (Count I), and an order holding Martinak personally liable as the sole proprietor of an unincorporated trade or business pursuant to the Employment Retirement Income Security Act.[1] *See* (Dkt. No. 1). Martinak moves for dismissal of both counts pursuant to Fed. R. Civ. P. 12(b)(6). The Court denies the motion. [10.]

## BACKGROUND

Carpenters Pension Fund ("Fund") is a third-party employee benefit fund administered pursuant to the Employment Retirement Income Security Act ("ERISA") that had an agreement with Fox Valley Exteriors, Inc. ("FVE") whereby FVE would make contributions into the Fund for the benefit of laborers served by the Fund. *See* (Dkt. No. 1, at ¶¶ 2, 6). The Defendant Daniel E. Martinak is an Illinois resident who owned and operated FVE up to and until FVE filed for bankruptcy in 2012. *Id.* ¶¶ 4-5. Martinak is also the grantor, trustee and the sole beneficiary of

---

[1] 29 U.S.C. §§ 1301(b)(1), 1451(b), and 1145.

1

the Martinak Trust, which owns property that FVE rented from the Trust in order to operate its business. *Id.* ¶¶ 12, 16.

In 2010, FVE stopped making contributions into the Fund and so the Fund made a demand on FVE for payment of withdrawal liability under ERISA. *Id.* ¶¶ 7-9. After FVE filed for bankruptcy and did not seek arbitration of the withdrawal liability, the Fund went after the Martinak Trust under the theory that FVE was in default and that FVE and the Trust were under common control. *Id.* ¶¶ 10-14. The District Court agreed and entered summary judgment in December 2014 against the Martinak Trust – holding the Trust liable for FVE's withdrawal liability. *Id.* ¶ 15. The Fund further alleges that Martinak – as the Trustee – undertook various activities that shifted money out of the Trust in an attempt to avoid paying the withdrawal liability, including but not limited to a near $1.5 million foreclosure of Trust property that absolved him – individually – of a deficiency judgment against him in his personal capacity. *Id.* ¶¶ 17-20. Furthermore, the Fund filed and had granted to it a Motion to Avoid a Fraudulent Conveyance against Martinak in his individual capacity from the prior case against the Trust alleging that he unlawfully moved a total of $41,000 in funds out of the Trust and into his personal account instead of paying the withdrawal liability. *Id.* ¶¶ 23, 28.

In light of these activities, the Fund now seeks to obtain a declaration that Martinak is the alter ego of the Trust and of the Trustee so that he can be held personally liable for the withdrawal liability owed by the Trust and the now-defunct FVE company. *Id.* ¶ 32. The Fund further seeks an order holding Martinak personally liable as the sole proprietor of the Martinak Trust pursuant to provisions of ERISA. *Id.* ¶ 32-34. Martinak seeks dismissal of Count I arguing it is barred by the doctrine of res judicata or because the complaint fails to state a claim upon which relief may be granted. *See* (Dkt. No. 10, at 6-11). He also seeks dismissal of Count II because it is barred by

ERISA's applicable statute of limitations or based on a theory of judicial estoppel or because the Fund fails to state a claim for relief under the applicable provisions of ERISA. *Id.* at 11-15.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In order to survive such a motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the Rule 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Additionally, well-pled facts are viewed in the light most favorable to the plaintiff. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## DISCUSSION

### 1. Res Judicata

Res judicata presupposes that finality should win the day when a claim has been fully litigated and there is a judgment on the merits. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011). Application of res judicata requires showing: (1) the same identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits in the first case. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th

Cir. 2014). As to the second element, the two legal matters must be based on the same factual allegations arising from the same transaction or occurrence or from a core of operative facts that give rise to a remedy. *Adams*, 742 F.3d at 736; *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013).

The Fund seeks a finding that "Daniel Martinak, individually, be held personally liable for ..." the judgment against the Martinak Trust, for various attorney's fees, and permissible damages and interest pursuant to ERISA. *See* (Dkt. No. 1, at ¶ 32). The Fund alleges that Martinak is the alter ego of the Martinak Trust, which in turn had summary judgment entered against it in a previous ERISA claim where the District Court held the Trust and Martinak – as the Trustee – liable along with FVE (Martinak's company) for withdrawal liability owed to the Fund by FVE. *See Id.* ¶¶12-15, 31.[2] If it were that the other elements of res judicata applied, this would certainly qualify as a decision on the merits. *See* Restatement (Second) of Judgments § 27 (1982) (summary judgment constitutes an issue that has actually been litigated).

However the second element requires that each matter must contain the same core of operative facts and requires a party to bring claims that could have been raised in the earlier suit. *Jagla v. BMO Fin. Gp.*, 248 Fed.Appx. 743, 745 (7th Cir. 2007). This is so because the Court should presume that a plaintiff conducted [its] "legal and factual homework" at the time [it] filed [the] first suit. *Id.* But here the remedies are different, as are many of the core operative facts that would give rise to the remedy; and it is not readily apparent that the Fund could have brought the latter claims in the first instance.

---

[2] In alleging as much, the Plaintiff directs the Court to previous litigation and the Court takes judicial notice of such. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (explaining that a court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment); *see also Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (the Court must also consider "documents attached to the complaint, documents that are critical to the complaint and referenced to in it").

In the 2013 case, the Fund sought a decision holding that FVE, the Trust, and the Trustee were all under a common control group, and were therefore liable for FVE's withdrawal liability pursuant to §§ 1002(40)(B), 1399(c) of ERISA. *See Carpenters Pension Fund of Ill. v. Daniel E. Martinak Trust No. 1, et al.*, No. 13 CV 5720, Dkt. No. 1, at ¶¶ 8-11, 14-16, 21, 23, 25. The operative facts pertain specifically to the Trust, Martinak as the Trustee, the location of FVE's business – which operated on property rented to them by the Trust – and on provisions of ERISA, along with allegations that FVE failed to adequately fund a workers pension account. *Id.*

In contrast, the current suit against Martinak is in his individual capacity and seeks to attach liability against him for actions that occurred specifically *after* and as a result of the entry of summary judgment in 2014. For example, the Fund alleges that Martinak began funneling money out of the Trust and allowed property held by the Trust to exit the Trust. *See* (Dkt. No. 1, at ¶¶ 17, 22). The Fund further draws on the post-judgment activities where Martinak – either as the Trustee or as an individual – engaged in practices meant to avoid payment of the withdrawal liability to the Fund. *Id.* ¶¶ 16-17, 20-23, 28-29, 31. These facts are not the same or so similar as those contained in the previous litigation, and they are necessary – although taken only as true for the purpose of a motion to dismiss at this point – to allege an alter ego claim.

In short, not only are the operative facts different for each claim but so too is the time period they occurred – with facts from the 2013 claim occurring generally on or before 2014, and the current claim having facts occurring *after* 2014. Res judicata does not apply and review of the alter ego claim for 12(b)(6) sufficiency is warranted.

## 2. Alter Ego Doctrine Under ERISA

The purpose underlying the alter ego doctrine in the ERISA context is to prevent a business from limiting its pension fund responsibilities by fractionalizing its business operations. *Cent.*

*States Pension Fund v. Ditello*, 974 F.2d 887, 890 (7th Cir. 1992). "The alter ego doctrine focuses on '… an attempt to avoid the obligations of a collective bargaining agreement, such as through a sham transfer of assets.'" *Int'l Union of Operating Eng'r v. Centor Contractors, Inc.*, 831 F.2d 1309, 1312 (7th Cir. 1987). Hence, even though Congress did not generally authorize pension funds to disregard the corporate form and hold shareholders directly responsible for unfulfilled ERISA obligations, the alter ego doctrine can be "invoked to impose liability on a parent even when the plaintiff settles with the subsidiary." *Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d 449, 462 (7th Cir. 1991); *see also Cent. States Pension Fund v. Johnson*, 991 F.2d 390 (1993).

Although the case law is limited, discussion of the alter ego doctrine and ERISA litigation does provide some guidance. For instance, the Seventh Circuit distinguishes the alter ego doctrine as one of direct liability whereas corporate veil piercing is one of derivative liability. *Bd. of Trs., Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1038 (7th Cir. 2000) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 492 (1996). Determination of the existence of an alter ego requires the Court to "disregard the corporate form" to consider instead "(1) the amount of respect given to the separate identity of the corporation by its shareholders; (2) the fraudulent intent of the incorporators; and (3) the degree of injustice visited on the litigants by respecting the corporate entity." *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 85 F.3d 1282, 1287 (7th Cir. 1996) (citing *Lumpkin*, 933 F.2d at 461). The Fund alleges facts that, if true, satisfy these three elements.

Looking to the first element, it is difficult to see much of any separate identity. For example, Martinak is grantor, trustee, and sole beneficiary of the Martinak Trust No. 1. *See* (Dkt. No. 1, ¶ 12). Furthermore, the foreclosure sale of a property owned by the Trust also resulted in a release of liability for a deficiency judgment against Martinak individually. *Id.* ¶ 19. The Fund

additionally alleges that – at the time – Martinak deposited checks made payable to himself individually into the Martinak Trust. *Id.* ¶ 21. These facts, if true, plausibly suggest little to no separate identity between Martinak the individual and Martinak as the Trustee, or the Trust itself.

Second, the Fund alleges elements of fraudulent intent by Martinak as an incorporator. This element is critical to the alter ego test. *See Cent. States*, 85 F.3d at 1288. In fact the Fund filed a Motion to Avoid a Fraudulent Conveyance in its prior action against the Trust where they alleged – and proved – that Martinak transferred $41,000 from a Trust bank account to an account held by Martinak individually. *Id.* ¶ 23. In the prior action against FVE and the Trust, the District Court held Martinak personally liable for the fraudulent conveyance and informed his counsel at a subsequent hearing that it was becoming obvious that he was switching between his "trustee hat" and his "individual hat" in a manner suggesting fraudulent activity. *Id.* ¶¶ 28, 29. To the extent that Martinak argues the pleading standard pursuant to Rule 9(b) is insufficient, he is incorrect. "Malice, *intent*, knowledge, and other conditions of a person's mind may be alleged generally." *See* Fed. R. Civ. P. 9(b) (emphasis added). As pled, these facts suggest the existence of fraudulent intent.

The third element is met because the Fund has yet to receive the withdrawal liability it is entitled to under ERISA specifically because of Martinak's actions either as the Trustee or as an individual. The liability entered against the Trust – at the time of judgment – was a little over $150,000 and subsequent attorney's fees. Given the attempts to move money out of the Trust and into his personal account, it is difficult to see how injustice would not result if Martinak was not considered the alter ego of the Trust.

Based on the foregoing, the Fund's Count I, alleging that Martinak be declared the alter ego, is sufficiently pled and may proceed.

### 3. Martinak As Sole Proprietor

Next Martinak argues for dismissal of Count II, that he be held liable for the withdrawal liability of the Trust because he is allegedly the sole proprietor of the trade or business, because the claim is barred by the statute of limitations established under ERISA, or is judicially estopped, or because he cannot be held to "own the trust." But at the pleading stage these arguments, as will be seen, are unavailing and the claim is sufficiently pled.

Under ERISA, "every employer who is obligated to make contributions to a multiemployer plan shall … make such contributions in accordance with the terms and conditions of such plan or such agreement," and may be held liable for withdrawal liability if they stop making contributions. *See* 29 U.S.C. §§ 1145, 1381. So an employee organization (or pension plan) that is owed withdrawal liability from a withdrawing employer – and also any trade or business that is under common control with the withdrawing employer – may pursue that liability in a civil action under ERISA. *See* 29 U.S.C. §§ 1399, 1401, 1451(a)(1); *Cent. States, Se. & Sw. Areas Pension Fund v. CLP Venture, LLC*, 760 F.3d 745, 747 (7th Cir. 2014). The statute of limitations for bringing such an action is the later of either (1) 6 years after the date on which the cause of action arose, or (2) 3 years after the earliest date on which the plaintiff acquired or should have acquired actual knowledge of the existence of such cause of action; except that in the case of fraud or concealment, such action may be brought not later than 6 years after the date of discovery of the existence of such cause of action. 29 U.S.C. 1451(f)(1)-(2). Furthermore, "if a withdrawing employer is unable to pay in full, a pension plan can recover the deficiency jointly and severally from any other trade or business under common control with the withdrawing employer. *Cent. States, Se. & Sw. Areas Pension Fund v. CLP Venture, LLC*, 760 F.3d 745, 747 (7th Cir. 2014). Finally, an

"individual who owns *the entire interest* in an unincorporated trade or business is treated as his own employer. 29 U.S.C. § 1301(b)(1) (emphasis added).

The Fund seeks to hold Martinak personally liable for the judgment against the Trust based on the theory that he is the sole proprietor of the Trust and he also acts as an employer of an unincorporated trade or business that is under common control with an employer (FVE) that owes withdrawal liability to the Fund. *See* (Dkt. No. 1, at ¶¶33-34.) In doing so the Fund alleges facts identifying the withdrawal liability and further connecting that liability to the Trust and to Martinak, and then finally that a prior decision held the Trust jointly and severally liable for the withdrawal liability. *See* (Dkt. No. 1, at ¶¶ 13-15). The Fund further submits facts that Martinak was the grantor, the trustee, and the sole beneficiary of the Martinak Trust, thus making him a single entity and employer engaged as a trade or business, and that the only way they were able to discover this information was as a result of Martinak's defense of the Motion to Avoid a Fraudulent Conveyance where he submitted the Declaration of Trust in 2016. *Id.* ¶¶ 12, 16, 23, 25-27. The Fund then alleges that Martinak – as the single interest of the Trust – is liable for the withdrawal liability because the Martinak Trust was liable as being under common control with FVE. *Id.* ¶ 32, 33. Accepted as true, these facts plausibly suggest that Martinak, individually as the sole proprietor of the Martinak Trust, is liable to the Fund pursuant to ERISA.

Generally, a statute of limitations argument is an affirmative defense and so a court will not dismiss a claim on such a basis as a matter of Rule 12(b)(6). See Chi. Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014). Dismissal is rare because such a defense turns on fact-driven issues not before the court. Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012). Accordingly, any set of facts that would dispute a statute of limitations as a affirmative defense should result in denial of a motion to dismsiss. Clark

v. City of Braidwood, 318 F. 764, 768 (7th Cir. 2003). Based on the Fund's allegation that they had no reason to know, or could have known that Martinak was the sole beneficiary of the Trust any time prior to 2016 is sufficient to permit further discovery as to any applicable statute of limitations at this stage of the litigation.

Martinak's argument that Count II is barred by judicial estoppel falls short as well. While Martinak is correct that a litigant may not succeed on the merits on one ground and then "repudiate that ground in a different case in order to win a second victory, *see Davis v. Wakelee*, 156 U.S. 680, 689-91 (1985), the doctrine of judicial estoppel generally does not a bar to obtaining legal relief on the basis of new information or upon a new claim arising under a different legal theory. *Chaveriat v. Williams Pipeline Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993). Applied here, the Fund's current claim is one alleging that Martinak is the sole proprietor of the Trust and therefore liable under ERISA. In the prior action, the Fund had no reason to believe that Martinak was the sole proprietor until discovery of the Declaration of Trust, and the Fund instead sought to obtain withdrawal liability against the Trust as being under common control with FVE. These are two separate legal theories and the former is based on new information that was not known at the time of the original litigation. Accordingly, judicial estoppel does not serve as a bar to this current claim.

Finally, the Fund submits plausible facts that allege that Martinak "owns the entire interest in an unincorporated trade or business." 29 U.S.C. § 1301(b)(1). The Fund includes reference to the Trust is engaged in the business of owning property that it rents to other commercial tenants. The Fund also alleges that Martinak is the sole grantor, trustee and beneficiary of the Martinak Trust – an entity that is neither incorporated or a partnership. It would be premature to dismiss this claim at the Rule 12(b) stage of litigation based on these allegations.

## CONCLUSION

For all of the reasons set forth above, Defendant Daniel E. Martinak's Motion to Dismiss the Complaint for failure to state a claim, [10], is denied.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: July 2, 2018